**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o United States Attorneys Office<br>555 4th Street, N.W.<br>Washington, D.C. 20001<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>Keith O'Brien Slade<br>455 Park Road, NW<br>Washington, D.C. 20010-2531<br><br>Controlled Quality Corporation<br>455 Park Road, NW<br>Washington, DC 20010-2531<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, the United States of America, by and through the United States Attorney for this judicial district, represents the following:

### INTRODUCTION

1.　　This is an action brought by plaintiff, the United States of America, to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-33, as amended, and to recover damages under the common law theories of payment by mistake, unjust enrichment and fraud.

## THE PARTIES

2. Plaintiff is the United States of America. The transactions that are the subject of this complaint involve an agency of the United States located in the District of Columbia, namely the Government Printing Office ("GPO"), and payments made with United States funds.

3. Keith Slade was the owner of Controlled Quality Corporation (upon information and belief, also known as Controlled Quality Corporation of Maryland), a defunct company formerly doing business in the District of Columbia. Mr. Slade is a resident of the District of Columbia.

4. The now defunct Controlled Quality Corporation was a privately held, printing company with the business address of 7309 Waverly Street, Bethesda, Maryland 20814. From approximately June 2001 to February 2004, Controlled Quality Corporation had a contract with the GPO located in Washington D.C. to provide printing services.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the subject matter of this action under 31 U.S.C. §§ 3730 and 3732.

6. Venue and jurisdiction are proper in this judicial district because defendant, Keith Slade, is a resident of the District of Columbia, defendants Keith Slade and Controlled Quality Corporation transact or transacted business in this district, and because the false claims at issue were submitted in this district.

## BACKGROUND

7. The GPO contracts with vendors in a variety of programs. One such program, Program A 17-M, allows for the procurement of color copying/duplicating as requisitioned from the GPO by various Government Departments and agencies through a Multiple Vendor Listing

Agreement. Specifically, the program affords government agencies the opportunity to select a vendor from the agreement and allows for a streamlined method of procuring short-run, quick turnaround, copying and duplicating services. Quantities ordered in conjunction with the GPO 17-M program ranged from one to three thousand copies per order. However, an occasional order could be placed for over 3,000 copies. Vendor billing by the contract would be set by a schedule of prices submitted by each participating vendor. Defendant, Controlled Quality Corporation, was one of the vendors. Controlled Quality Corporation had been on the GPO 17-M program multiple vendor listing dating back to 2001.

8. Defendants entered into a contract agreement with the GPO beginning June 9, 2001, whereby defendants agreed to prepare and duplicate various documents for GPO government "customer agencies" participating in the A17-M Multiple Vender Ordering Program as described above. The Internal Revenue Service ("IRS") was one of those customer agencies.

9. The contract agreement stipulated that defendants would not sub-contract the predominant production function required in the performance of the contract and would be paid a fixed price per leaf as specified in the "Schedule of Prices" that were submitted by defendants and were agreed upon when entering into the A17-M Program. It also required the contractor to submit and confirm that it had its own equipment; i.e., printing presses, etc., in which to perform the work.

10. Defendants certified that they met all requirements under the contract.

11. During the contract period, defendants were found to be using the services of a subcontractor to perform the predominant production function; in fact, 100% of printing services, awarded to the defendants by the GPO, were performed by a subcontractor. Defendants then prepared and certified vouchers for payment attesting that they alone prepared

3

and performed the work. These invoices also contained inflated prices for number of leaves used in the production of the printed work. Relevant here, one leaf of 11 x 17 paper is folded to make four 8 1/2 x 11 pages.

12. Investigation found that there were at least 28 instances where defendants certified inflated invoices as being proper for payment. Notably, during the contract period, the IRS utilized the A-17 program to procure printing services for its Service Center Newsletters. The IRS, in fact, made at least 28 procurements from defendants, providing defendants with the majority of their A17 work.

13. The total amount paid to defendants equals approximately $499,782 while the defendants paid the sub-contractor a sum of approximately $61,678.

14. Once the defendants were found to be fraudulently billing for services not performed by them, the GPO and other government entities no longer referred business to defendants.

### Count I
### (False Claims Act)

15. Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 to 14 above.

16. Defendants presented or caused to be presented to the United States claims for payment of costs that it knew or should have known were false, fictitious, or fraudulent, in violation of the Civil False Claims Act, 31 U.S.C. § 3729(a)(1). Each false invoice submitted to the GPO constituted a false claim in violation of the False Claims Act.

17. Specifically, defendants violated the False Claims Act in at least 28 instances in which they improperly certified inflated invoices as being proper for payment. These inflated

invoices were materially false and, if the United States had been aware of the invoices' falsity, it would not have paid them. Moreover, defendants fraudulently induced the United States into entering into the contractual relationship. The amount improperly paid by plaintiff, the United States, as a result of the materially false and fraudulent claims submitted by plaintiffs was at least $499,782. Notwithstanding defendants' payment of approximately $61,678 to subcontractors, because of defendants' fraud, the contract agreement between plaintiff and defendants is void ab initio, and thus, plaintiff is entitled to recover all payments made to defendants, approximately, $499,782.

18. Defendants are also liable to the United States for treble damages and penalties under the False Claims Act. Specifically, defendants are liable to the United States for on or around $1,499,346 (3 x $499,782), plus a penalty of up to $11,000 for each of the 28 false claims that defendants submitted to the Government.

### Count II
### (Fraudulent Inducement)

19. Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 to 18 above.

20. Defendants misrepresented their capability to perform the contract under Program A 17-M, confirming, for example, that they had the necessary equipment, i.e., printing presses, in which to perform the work, inducing plaintiff to enter said contract.

21. Defendants' fraudulent inducement violates the False Claims Act.

22. Defendants' fraudulent inducement resulted in at least 28 instances in which certified inflated invoices were presented for payment. The amount improperly paid by plaintiff, the United States, as a result of the false and fraudulent claims submitted by defendants was at

least $499,782. Notwithstanding defendants' payment of approximately $61,678 to subcontractors, because of plaintiffs' fraud, the contract agreement between plaintiff and defendants is void ab initio, and thus, plaintiff is entitled to recover all payments made to defendants, approximately, $499,782.

23.     Defendants are also liable to the United States for treble damages and penalties under the False Claims Act. Specifically, defendants are liable to the United States for on or around $1,499,346 (3 x $499,782), plus a penalty of up to $11,000 for each of the 28 false claims that defendants submitted to the Government.

### Count III
### (Payment By Mistake)

24.     Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 to 23 above.

25.     Plaintiff, the United States, paid defendants on the mistaken belief that defendants were eligible to participate in Program A 17-M, i.e., defendants had the equipment and resources to do the work consistent with the contract agreement.

26.     Plaintiff, the United States, has paid approximately $499,782 to defendants under the mistaken and erroneous belief that the invoices submitted by defendants were accurate and for allowable and authorized expenses.

27.     Defendants are liable to the United States for the amount of the United States' damage resulting from the payment by mistake, approximately $499,782, together with costs and interest.

## Count IV
## (Unjust Enrichment)

28.  Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 to 27 above.

29.  Defendants have been unjustly enriched by reason of the Government's erroneous and mistaken payment of monies to the defendants.

30.  Defendants are liable to the United States for the amount of the unjust enrichment, approximately $499,782, together with costs and interest.

## Count V
## (Common Law Fraud)

31.  Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 to 30.

32.  Defendants have committed fraud by submitting false invoices for payment to the Government. Moreover, defendants have fraudulently induced the United States into entering the contractual relationship.

33. Defendants are liable to the United States for the amount of the United States' damage resulting from the fraud, approximately $499,782 together with costs and interest.

## RELIEF REQUESTED

WHEREFORE, plaintiff prays for judgment against the defendants jointly and severally, as follows:

A.  On Count I, the amount treble the United States' actual damage, approximately $499,782 plus a civil penalty in the amount of $11,000 for each of the false invoices that defendants have submitted to the Government for payment;

7

B. On Count II, the amount treble the United States' actual damage, approximately $499,782 plus a civil penalty in the amount of $11,000 for each of the false invoices that defendants have submitted to the Government for payment;

C. On Count III, the amount of the United States' damage resulting from the payment by mistake, approximately $499,782, together with costs and interest;

D. On Count IV, the amount by which defendants have been unjustly enriched by the Governments' payment of their false claims, approximately $499,782;

E. On Count V, the amount of the United States' harm resulting from defendant's fraudulent conduct, approximately $499,782, together with costs and interest;

F. Interest from the date of judgment at the legal rate in effect on the date of judgment until paid in full;

G. Equitable relief through an accounting of the proceeds of the fraud and the enforcement of a constructive trust and/or equitable lien upon such proceeds, to the extent that the United States' legal remedy proves inadequate;

H. That the Plaintiff be awarded its costs, fees and disbursements;

I. For such other proper relief as this Court may deem just and proper.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC BAR #498160
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
(202) 307-0492 - Phone
(202) 514-8780 - Fax
beverly.russell@usdoj.gov

RETURN OF SERVICE

## CERTIFICATE OF SERVICE

I certify that the foregoing *Complaint* was served upon Plaintiff by first class, postage prepaid mail to:

Charles G. Canty
1025 Connecticut Avenue, N.W.
Washington, D.C. 20036

Keith O. Slade
455 Park Road, NW
Washington, D.C. 20010-2531

on this 31st day of October, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　BEVERLY M. RUSSELL
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS
UNITED STATES OF AMERICA
c/o United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530

11001

## DEFENDANTS
KEITH O'BRIEN SLADE          CONTROL QUALITY CORPORATION
455 Park Road, N.W.          455 Park Road, N.W.
Washington, D.C. 20001       Washington, D.C. 20001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

BEVERLY M. RUSSELL, Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W., Room E4915
Washington, D.C. 20530     Phone: 202-307-0492

Case: 1:07-cv-01961
Assigned To : Leon, Richard J.
Assign. Date : 10/31/2007
Description: Contract

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

- (●) 1 U.S. Government Plaintiff
- ( ) 2 U.S. Government Defendant
- ( ) 3 Federal Question (U.S. Government Not a Party)
- ( ) 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
( FOR DIVERSITY CASES ONLY!)

|                              | PTF | DFT |                                                          | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State        | 1   | 1   | Incorporated or Principal Place of Business in This State | 4   | 4   |
| Citizen of Another State     | 2   | 2   | Incorporated and Principal Place of Business in Another State | 5   | 5   |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation                                           | 6   | 6   |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- [ ] 151 Medicare Act

**Social Security:**
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

**Other Statutes**
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ⚪ G. Habeas Corpus/2255 | ⚪ H. Employment Discrimination | ⚪ I. FOIA/PRIVACY ACT | ⚪ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⚪ K. Labor/ERISA (non-employment) | ⚪ L. Other Civil Rights (non-employment) | ◉ M. Contract | ⚪ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☒ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ⚪ 2 Removed from State Court  ⚪ 3 Remanded from Appellate Court  ⚪ 4 Reinstated or Reopened  ⚪ 5 Transferred from another district (specify)  ⚪ 6 Multi district Litigation  ⚪ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

False Claims Act, 31 U.S.C. §§ 3729-33, as amended.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $1,499,346   Select YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE October 31, 2007   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED OCT 31 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT